UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:04CV-067-M

SUE ELLEN SIMMONS, an incompetent        PLAINTIFF
person, by THERESA LYKINS, Guardian
and Conservator

V.

DAVID OSBORNE, individually and        DEFENDANTS
in his official capacity as DAVIESS COUNTY
JAILER; JEREMY VOWELS, individually
and in his official capacity as DAVIESS
COUNTY DEPUTY JAILER; and UNKNOWN
DEPUTY JAILERS JOHN DOES, individually
and in their official capacity as DAVIESS COUNTY
DEPUTY JAILERS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for partial summary judgment by Defendants, David Osborne and Jeremy Vowels [DN 21]. Also before the Court is a motion for partial summary judgment by Plaintiff, Sue Ellen Simmons [DN 24]. Fully briefed, these matters stand ripe for decision. For the following reasons, the Defendants' motion for partial summary judgment is **GRANTED**, and the Plaintiff's motion for partial summary judgment is **DENIED**.

### I. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

This case arises out of an attempted suicide by Sue Ellen Simmons (Simmons), the Plaintiff in this action. Simmons' suicide attempt, in which she hung herself, took place at the Daviess County Detention Center on May 18, 2003. Her claims against Defendants David Osborne, Daviess County Jailer, and Jeremy Vowels, Daviess County Deputy Jailer,

in both their individual and official capacity, stem from that incident.

At the time of Simmons' attempted suicide, the Daviess County Detention Center had in place a written policy on suicide prevention. Daviess County Jailer Osborne had instituted the policy on May 5, 2003. According to the terms of the policy, any individual who answered yes to two out of three questions on the medical admittance form had to be placed on suicide watch. Though Simmons answered yes to all three questions, she was not put on suicide watch. Rather, Vowels, who was in charge in the night of the night in question, placed Simmons in a cell by herself. While alone, Simmons attempted to commit suicide by hanging herself, ultimately causing irreversible brain damage.

This was not the first occasion on which Simmons had attempted suicide. She had also attempted to commit suicide while an inmate of the Daviess County Detention Center in April of 2003. Vowels was aware of Simmons' suicide attempt at that time, yet when Simmons was re-incarcerated in the Daviess County Detention Center on May 17, 2003, he chose not to place her on suicide watch. According to the statement of defense expert Robert Powell (Powell), Vowels made a determination that Simmons was not suicidal at that time based on his observations, experience, training, and past knowledge of her case.

Plaintiff, through her Guardian and Conservator Theresa Lykins, now asserts three federal causes of action and one state cause of action. She brings her first cause of action, a claim pursuant to 42 U.S.C. § 1983[1] and raised under the Fifth and Fourteenth

---

[1] 42 U.S.C. § 1983 states in pertinent part: every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Amendments, against Osborne, Vowels, and unnamed defendants, alleging acts and omissions constituting deliberate indifference to Plaintiff's medical needs. Her second cause of action, also brought against Osborne, Vowels, and unnamed defendants pursuant to § 1983 and raised under the Fourteenth Amendment, alleges that the Daviess County Detention Center had in place "a policy, custom, or habit of providing woefully inadequate medical/psychiatric care to the inmates of that facility," and "was aware of prior instances of self-inflicted injury by pretrial detainees," yet "took no steps to prevent the reoccurrence of such incidents."

Plaintiff's final federal law cause of action, pursuant to § 1983 and raised under the Fourteenth Amendment, alleges that Osborne failed to conform to Kentucky Regulations on jail standards due to his "failure to properly train, supervise, or monitor deputy jailers and his failure to properly monitor suicide attempts and incidents at the Daviess County Jail." Plaintiff also brings a state law claim of gross negligence against Vowels and unnamed defendants, alleging that they violated a ministerial duty by providing Simmons a sheet by which she could hang herself. Based on her injuries, which include permanent brain damage and hypoxia, she claims damages in her Complaint in the amount of $2,170,000. She also seeks exemplary and punitive damages in the amount of $500,000. Additionally, Plaintiff seeks to recover costs of pursuing this action, as well as reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

---

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### III. DISCUSSION

In their motion for partial summary judgment, Osborne argues that all claims brought against him in both his official and his individual capacity should be dismissed. Vowels contends that the claims brought against him in his official capacity should be dismissed. In her motion for summary judgment, Plaintiff argues that she is entitled to summary judgment on the state negligence claim she asserts against Vowels in his individual capacity. The Court will first address Plaintiff's claims against Osborne before turning to her negligence claim against Vowels.

**A. Official Capacity Claims against Osborne**

Osborne argues that the official capacity claims against him must be dismissed because there is no evidence that the County had in place a policy which caused her to be deprived of her civil rights. Plaintiff accepts Defendant's argument with one caveat. The Defendant has submitted the opinion of expert Robert Powell, who concluded that the Daviess County Detention Center was not deliberately indifferent to the medical needs of the Plaintiff or negligent and thus not liable for the injuries caused by Simmons' suicide attempt. Plaintiff argues that if individual discretion can trump the County's written policy, then summary judgment would be inappropriate.

A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. Matthew v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 68 (1989). The Government entity in this case is Daviess County. A county may be held liable under § 1983 when a county policy or

custom caused the injury or was the moving force behind the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Moreover, a direct causal link between a municipal policy or custom and the alleged constitutional deprivation is necessary to find a governmental entity liable. Monell v. Dep't. of Soc. Servs. of the City of New York, 436 U.S. 658, 692 (1978).

Based on Simmons' answers to the medical admittance form, she should have been placed on suicide watch according to the County's policy. The written policy cannot be said to have caused Plaintiff's injuries, and thus there is no causal link sufficient to support her § 1983 claim. In fact, both parties agree that Simmons cannot base an official capacity claim against Osborne under the written policy.

Plaintiff insists it would not be fair to grant summary judgment on the official capacity claims while allowing Robert Powell to testify that it is not deliberate indifference or negligence to not follow the written policy. The question insofar as the official capacity claims are concerned is whether the County had a policy pertaining to suicides which caused Plaintiff's injuries. There is no dispute that the municipality had a policy which, if followed, would have prevented Plaintiff's injuries. Thus, the municipality cannot be liable under these undisputed facts. Robert Powell's testimony does not address the question of whether the County's policy caused the harm in this case. Powell's testimony is simply that neither the Detention Center nor the staff was deliberately indifferent or negligent despite the written policy. Therefore, summary judgment as to the Plaintiff's official capacity claims against Osborne is **GRANTED.**

### B. Individual Capacity Claims against Osborne

As to the individual capacity claims asserted against him, Osborne contends that he is not liable because respondeat superior is inapplicable and because he took no action himself to violate Plaintiff's constitutional rights. Plaintiff again accepts this proposition with the caveat regarding Powell's testimony.

In order to state a claim against an individual defendant under § 1983, a plaintiff must identify a right secured by the Constitution and the deprivation of that right by a person acting under color of state law. Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir. 1993). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.' Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). "Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

Here, Plaintiff can make no such showing. Osborne played no role whatsoever in the decision to place Simmons in a cell by herself rather than on suicide watch as he was not even present at the time of the incident. Thus, summary judgment as to Plaintiff's individual capacity claims against Osborne is **GRANTED.**

**C. Official Capacity Claims against Vowels**

Vowels argues that summary judgment as to the claims against him in his official capacity is appropriate for the same reasons that summary judgment is appropriate as to the claims against Osborne in his official capacity. The Court agrees with Vowels, and for the reasons set forth above, summary judgment as to the Plaintiff's official capacity claims against Vowels is **GRANTED.**

**D. Individual Capacity Claims against Vowels**

In her motion for summary judgment, Plaintiff argues that Vowels had a ministerial duty to place Simmons on suicide watch based on the policy of the Daviess County Detention Center. There is no dispute that Vowels failed to do so, and Plaintiff contends that summary judgment is appropriate on her claim of negligence as there are no material issues of fact. Defendant argues that though a jury may indeed conclude that Vowels is liable, his negligence cannot be determined as a matter of law on these facts.

In Flechsig v. United States, 991 F.2d 300, 304 (6th Cir. 1993). the court held that under Kentucky law the violation of a written statement which constituted a portion of the internal operating procedures of the Bureau of Prisons could not be said to be negligence per se. The court noted that to hold otherwise would provide a disincentive for organizations to keep written procedures for fear of increased liability. Id. Likewise, it would be inappropriate to grant summary judgment for the Plaintiff on the basis of the violation of an internal policy. There are issues of fact as to the negligence of Vowels, thus, Plaintiff's motion for summary judgment on this claim is **DENIED.**

### E. Claims Remaining

Counts I and II, which name Osborne in both his official and individual capacity are dismissed as to him. The official capacity claims against Vowels set forth in Counts I and II are likewise dismissed. The third cause of action, brought against Osborne in both his individual and official capacity, states a claim for failure to train. The official capacity claim against Osborne for failure to train is dismissed. Plaintiff failed to present any evidence of a custom or policy which caused her alleged constitutional deprivation. As to the individual capacity claim against Osborne for failure to train, Defendant made no attempt to address this claim in his motion for summary judgment. Thus, that claim, as well as the claims against Vowels in his individual capacity and the supplemental state law negligence claim against Vowels, remain.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment [DN 21] is **GRANTED**. Plaintiff's motion for partial summary judgment [DN 24] is **DENIED**.

cc: counsel of record
04cv-067Simmons